## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PETER A. GROOME, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-12397-PBS |
| | ) | |
| TIMOTHY HALL, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED

### Introduction

The respondent, Timothy Hall, respectfully submits this memorandum of law in support of his motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Peter A. Groome. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions, which is contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A brief recitation of the facts relevant to the statute of limitations analysis (set forth in greater detail below) is as follows: the petitioner's conviction was affirmed by the Massachusetts Supreme Judicial Court ("the SJC") on October 5, 2001. *See Commonwealth v. Groome*, 435 Mass. 201 (2001). The petitioner's conviction became final, for purposes of AEDPA, on January 3, 2002, after a period of ninety (90) days from the SJC's decision in which the petitioner had the opportunity to file a petition for writ of certiorari in the United States Supreme Court. Any petition for a writ of habeas corpus needed, therefore, to be filed in this Court on or before January 3, 2003.

On January 2, 2003, the petitioner filed a motion for a new trial in state court. This filing stopped the clock on the petitioner's time to request a writ of habeas corpus -- with only one day remaining. The motion for a new trial was denied by the Superior Court, and the petitioner filed an application for review pursuant to G.L. c. 278, § 33E with the Massachusetts Supreme Judicial Court ("the SJC"). On November 20, 2003, the SJC denied the petitioner's application for further review of his motion. This denial started the time period for the petitioner to request a writ of habeas corpus running again -- still with only one day left. The petition was not, however, filed in this Court until November 26, 2003, five (5) days after the statute of limitations had expired. Accordingly, the petition must be dismissed as time-barred.

## Prior Proceedings

On April 29, 1999, a Barnstable County jury found the petitioner guilty of murder in the first degree by deliberately premeditated malice aforethought and in a manner of extreme atrocity or cruelty.[1] *See* Docket Sheet for Barnstable County Superior Court Criminal Action No. 1997-47807 (hereinafter, "Docket Sheet"), attached hereto as Exhibit A. The petitioner appealed this conviction to the SJC, and the SJC affirmed petitioner's conviction on October 5, 2001. *See Commonwealth v. Peter Groome*, 435 Mass. 201 (2001).

On January 2, 2003, the petitioner filed a motion for a new trial in the Superior Court. *See* Docket Sheet, Exhibit A. This motion was denied on February 7, 2003. *See id.* The petitioner filed an application for review pursuant to G.L. c. 278, § 33E (a "Gatekeeper Petition") with the

---

[1] The jury also convicted the petitioner of unauthorized use of a motor vehicle. *Commonwealth v. Peter Groome*, 435 Mass. 201, 202 n.1 (2001). This second conviction was placed on file with the petitioner's consent and was not before the Massachusetts Supreme Judicial Court on appeal. *Id.* Likewise, this second conviction is not before this Court on the instant petition for a writ of habeas corpus.

SJC, but this application was denied on November 20, 2003. *See* Docket Sheet.

The instant federal habeas petition was filed in this Court on November 26, 2003.

## Argument

### The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.

The petitioner's request for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d), which became effective April 24, 1996. That provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

In the instant case, the SJC denied the petitioner's appeal from his conviction on October

54, 2001. *See Commonwealth v. Peter Groome*, 435 Mass. 201 (2001). Allowing ninety (90) days in which the petitioner could file a petition for a writ of certiorari with the United States Supreme Court, the petitioner's conviction became final on January 3, 2002. *See* 28 U.S.C. § 2244(d)(1)(A).

The petitioner correctly notes that the limitations period for seeking a writ of habeas corpus may be tolled during periods in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In the instant case, the petition is untimely even when the tolling period is excluded. *Id.* As is set forth above, the petitioner filed his motion for a new trial, and thus stopped the limitations period from running, with only one (1) day left to file his petition for a writ of habeas corpus. Once the SJC denied his Gatekeeper Petition (for review of the denial of his motion for new trial) on November 20, 2003, the petitioner still had only the one (1) day left in which he could file a petition for a writ of habeas corpus. *See Lattimore v. DuBois,* 311 F.3d 46, 53-54 (1st Cir. 2002); *see also David v. Hall,* 318 F.3d 343, 344 (1st Cir. 2003)(noting that the period in which the statute of limitations is tolled due to a pending state court motion is measured from the date of filing of such motion to "the ultimate SJC disposition[]"); *Gaskins v. Duval,* 183 F.3d 8, 9-10 (1st Cir. 1999)(running of the statutory limitation period resumed on the date the SJC denied leave to appeal). However, he did not file the petition until November 26, 2003, a date five (5) days after the statute of limitations had run. *See Lattimore,* 311 F.3d at 53-54; *Gaskins,* 183 F.3d at 9-10.

First Circuit precedent holds that a petition filed even one day late for the statute of limitations deadline must be dismissed as untimely. *See Lattimore,* 311 F.3d at 53-54. Since the

4

petition was filed outside the statute of limitations, the petition is untimely and must be denied.

*See* 28 U.S.C. § 2244(d)(1)(A); *see also Lattimore*, 311 F.3d at 53-54.

### Conclusion

For the reasons set forth above, the respondent respectfully requests that this Court

dismiss this habeas petition on the grounds that it is time-barred.

Respectfully submitted,

THOMAS F. REILLY
ATTORNEY GENERAL

Maura D. McLaughlin (BBO # 634923)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ex. 2857

Dated: December 24, 2003

### Certificate of Service

I hereby certify that on December 24, 2003, I caused a copy of the above document to be served via first class mail, postage prepaid, upon Joseph S. Berman, Esq., counsel for the petitioner, Berman & Dowell, 210 Commercial Street, Boston, Massachusetts 02109.

Maura D. McLaughlin

5