UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
03-12397-PBS

PETER GROOME

Petitioner

v.

TIMOTHY HALL

Respondent

REPORT AND RECOMMENDATION ON
PETITION FOR A WRIT OF HABEAS CORPUS

March 12, 2004

COHEN, M.J.

The above-entitled habeas case was referred to this court for report and recommendation consistent with the provisions of 28 U.S.C. ß 636(b) and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts.  Respondent has filed a motion to dismiss (# 03) on the grounds that the habeas petition is time barred under the provisions of 28 U.S.C. ß 2241(d)(1).  For the reasons which follow, this court recommends that the motion to dismiss be allowed.

I. <u>Prior Proceedings</u>

After a jury trial in the Barnstable Superior Court (committed with deliberate premeditation and extreme atrocity or cruelty), petitioner was convicted on April 29, 1999, of murder in the first degree in the Middlesex County Superior Court.  He filed an appeal from that conviction to the Massachusetts Supreme Judicial Court pursuant to the provisions of G.L. c. 278, ß 33E, on July 26, 1999.   On October 5, 2001, the Massachusetts Supreme Judicial Court affirmed the conviction. *Commonwealth v. Groome*, 435 Mass. 201, 755 N.E.2d 1224 (2003).  Thereafter, petitioner filed a motion for a new trial in the Barnstable Superior Court on January 2, 2003, alleging, generally, ineffective assistance of counsel.  That motion for a new trial was denied on February 7, 2003.  From that denial of the motion for a new trial, petitioner sought further appellate review by the Massachusetts Supreme Judicial Court.  That application for further appellate review was denied by the Massachusetts Supreme Judicial Court on November 20, 2003.   The petition for a writ of habeas corpus was filed in this court on November 26, 2003.

II. <u>The Motion to Dismiss</u>

By way of his motion to dismiss, respondent seeks dismissal of the petition for a writ of habeas corpus on the grounds that the action is time-barred within the meaning of 28 U.S.C. ß 2241(d)(1).[1]

---

[1]    Section 2244(d) provides:

ß 2244. Finality of determination

\* \* \* \* \*

(continued...)

III.  Discussion

In the circumstances, it is clear that the petition before this court was filed late for the following reasons:

1.  Inasmuch as the Massachusetts Supreme Judicial Court affirmed his conviction on October 5, 2001, given the one year statute of limitations set forth in Section 2241(d)(1), allowing for an additional 90 days within which to file a petition for a writ of certiorari with the Supreme Judicial Court, and absent any tolling, statutory or otherwise, a petition for a writ of habeas corpus was required to be filed with this court on or before January 3, 2003.[2]

---

[1]  (...continued)
(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2]  As we read petitioner's response (# 11), pp. 33-40, petitioner does not gainsay respondent's position that, assuming that his conviction was affirmed by the Massachusetts Supreme Judicial Court on October 5, 2001, and assuming that his motion for a new trial was pending from January 2, 2003, to and through November 20, 2003, that his petition was filed late in this court.

Apart from the question of equitable tolling, a matter we address *infra*, petition's entire argument on this score is that his conviction was not affirmed by the Massachusetts Supreme Judicial Court and did not become "final" until October 22, 2001, and that his motion for a new trial was pending from November 22, 2002, to and through November 20, 2003, not, as contended by the respondent, from January 2, 2003, to and through November 20, 2003. These contentions are also addressed, *infra*.

(continued...)

2.  <u>Finality of the Decision</u>

Petitioner contends, however, that his conviction did not become final, that is, it was not affirmed by the Massachusetts Supreme Judicial Court, until October <u>22</u>, 2001, not October <u>5</u>, 2001.  For that remarkable position, petitioner only says (Petitioner's Consolidated Memorandum (# 11), pp. 2, 34 and 36), without any factual basis whatsoever, that the Massachusetts Supreme Judicial Court issued a "corrected" opinion on October 16, 2001.[3]  But saying it in a memorandum of law is one thing.  It hardly raises the specter of that which he suggests.  To be sure, we assume that respondent bears the burden of raising (as an affirmative defense) the statute of limitations issue, and making an initial showing that the action is time-barred.  But respondent has done both in this case.  It has raised the issue up front, and has made the required showing by indicating the <u>record</u> <u>date</u> of the final opinion affirming petitioner's conviction by the Massachusetts Supreme Judicial Court and the date on which the petition was filed in this court. *E.g.*, *Maxwell v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).[4]  Then the burden shifts to the party bringing the claim to show, in some manner, that the statute is not applicable. *E.g.*, *Palandjian v. Pahlavi*, 614 F.Supp.

---

[2] (...continued)
As we shall see, *infra*, petitioner did file a motion for a new trial before the Massachusetts trial court on January 2, 2003.  That was just one day prior to the expiration of the statute of limitations, which ran, but for tolling, on January 3, 2003.

[3] At page 2 of his Consolidated Memorandum, petitioner simply says: "The Supreme Judicial Court affirmed the petitioner's convictions on October 5, 2001 and in a corrected decision on October 22, 2001." At page 34, he says: "However, the petitioner's application was timely filed because the SJC's decision on his direct appeal did not become final until October 22, 2001....". And at page 36 petitioner simply says, "A corrected decision in the petitioner's case was issued on October 22, 2001. *See Commonwealth v. Groome*, 435 Mass. 201 (2001)."

[4] "In the habeas context, the party asserting that the statute has run will usually be able to meet this burden by pointing to materials already before the district court, namely, by pointing out that the petition itself was filed after the statute had run." (*Id.*).

1569, 1574 (D.Mass. 1985);[5] *Holtzman v. Proctor, Cook & Co., Inc.*, 528 F.Supp. 9, 15 (D.Mass. 1981).[6]  That is particularly true, in or view, where, as apparently here, petitioner's alleged safe harbor *vis a vis* the statute of limitations is a matter, not only *dehors* the record before this court, but, indeed, *dehors* any public record as well. In truth and fact, putting to one side counsel's conclusory suggestion in a memorandum of law, there is not a shred of reliable evidence suggesting even the existence of a "corrected" decision of any sort.  In suggesting the existence of a "corrected" decision, petitioner, at page 36 of his Consolidated Memorandum (# 11), simply refers to the citation from Lexis/Nexis, to wit:  *Commonwealth v. Groome*, 435 Mass. 201 (2003); 2001 Mass. LEXIS 499.  While there is a reference to subsequent history in the Lexis/Nexis version - *i.e.*, "**SUBSEQUENT HISTORY: [\*\*\*1]**: As Corrected October 22, 2001" - that reference does not mean that a corrected <u>decision</u> was entered by the Massachusetts Supreme Judicial Court on October 22, 2001.  By statute the official, and only official, decisions of the Massachusetts Supreme Judicial Court is the Reporter of Decisions, G.L. c. 221, ß 63, and the official reports of the Reporter of Decisions is, not Lexis/Nexis, but the "Massachusetts Reports". G.L. c. 261, ß 65.  The <u>official</u> report, that is to say, the Massachusetts Reports decision, *Commonwealth v. Groome*, 435 Mass. 201 (2003), clearly and unequivocally establishes that that decision was entered on October <u>5</u>, 2001, and that there was no corrected decision of

---

[5]   When a defense of statute of limitations is properly raised, the burden is on the plaintiff to prove that he has complied with the relevant statutes. *Holtzman v. Proctor, Cook & Co., Inc.*, 528 F.Supp. 9, 14 (D.Mass.1981).

[6]   "The burden is on the plaintiffs to establish that they have complied with the statutes of limitations. *Sleeper v. Kidder, Peabody & Co., Inc.*, 480 F.Supp. 1264, 1265 (D.Mass.1979) *aff'd* 627 F.2d 1088 (1st Cir. 1980)."

any sort.[7] But that opinion clearly and unequivocally shows that it was entered on October 5, 2001 - not October 22, 2001.  And more to the point, petitioner, as part of his own submission (Consolidated Memorandum (# 11), Tab H), has submitted the entire criminal docket in that case, and that docket, entitled to a presumption of regularity, *see e.g.*, *MacNeil v. State Realty Co. of Boston, Inc.*, 229 F.2d 358, 359 (1st Cir.1956);[8] *Arnold v. Wood*, 238 F.3d 992, 995-996 (8th Cir. 2001),[9] shows (Docket Entries ## 77 and 78) that the only opinion which issued by the Massachusetts Supreme Judicial Court *vis a vis* the direct appeal was on October 5, 2001. Accordingly, this court finds and concludes that, as urged by the respondent, the

---

[7]   So, too, with the West Publication citation, *Commonwealth v. Groome*, 755 N.E.2d 1224 (2003).

Given that the official reporter of decisions, and the official report - *i.e.*, the Massachusetts Reports - indicates that the final decision was issued on October 5, 2001, *sans* any subsequent corrections, and given that petitioner, by and through his counsel has proffered nothing further on the matter, that should end the matter. Particularly given that even the petitioner, by and through his counsel, specifically has stated in his petition before this court (# 01) that the final decision was on October 5, 2001.  Nevertheless, this court, in an abundance of caution, requested the Electronic Resources Librarian for this Circuit to query Lexis/Nexis concerning its footnote indicating ìAs Corrected October 22, 2001".  She was, in turn, advised by a representative of Lexis/Nexis that that sort of footnote usually means that a corrected version of the opinion was issued by the court.  In those instances, Lexis/Nexis retains a copy of the original as well as the corrected versions.  In this cases, however, inconsistent with routine practice, no original version existed in the possession, custody, or control of Lexis/Nexis.

The Electronic Resources Librarian for this Circuit then, at this courtís request, queried both the Clerk of the Massachusetts Supreme Judicial Court and the Official Reporter of Decisions.  Both reported that no corrected opinion was ever issued by the Massachusetts Supreme Judicial Court in that case.

[8]   There that court observed (*Id.*.):

It may perhaps be that an erroneous entry ... was made by the clerk of the court below. But we do not consider the affidavit of the appellant standing alone sufficient to outweigh the respect to be accorded in this court to the docket entries certified for appeal by the clerk of the District Court.

[9]   And here that court observed (*Id.*.):

In the absence of reliable evidence to the contrary, we presume the accuracy of the district court clerk's docket entries. *See MacNeil v. State Realty Co. of Boston, Inc.*, 229 F.2d 358, 359 (1st Cir.1956) (ìIt may perhaps be that an erroneous entry ... was made by the clerk of the court below. But we do not consider the affidavit of the appellant standing alone sufficient to outweigh the respect to be accorded in this court to the docket entries certified for appeal by the clerk of the District Court.î); *cf. Ark. Motor Coaches, Ltd., Inc. v. Comm'r of Internal Revenue*, 198 F.2d 189, 191 (8th Cir.1952) (explaining that the presumption of accuracy in favor of docket entries may be rebutted *996 only by a stronger presumption such as the ìmailbox ruleî).

judgment of conviction was final on October 5, 2001.

3.    <u>Commencement Date for Tolling</u>

Respondent, in moving to dismiss, acknowledges that the petitioner did file a motion for a new trial on January 2, 2003.  On that basis, respondent conceded that the statute of limitations was tolled from January 2, 2003, when the motion for a new trial was filed, to and through November 20, 2003, when the Massachusetts Supreme Judicial Court denied an application for further appellate review of the denial of his motion for a new trial.  Even given that tolling, however, respondent contends that the filing in this court was untimely.

Petitioner, however, challenges respondent's computation of the period of tolling.  He says that the respondent erred on both ends - *i.e.*, when the tolling began, and when the tolling ended.

On the commencement of the tolling issue, petitioner says that the tolling began on November 20, 2002, when he filed an application with the trial court for funds to hire a forensic expert so as to be able to establish grounds to assert in a motion for a new trial.  That motion was filed pursuant to Rule 30 of the Massachusetts Rules of Criminal Procedure which were amended in 2001 adding Section 30(c)(5).  That Rule (as amended) provides in pertinent part:

> a) Unlawful Restraint. Any person who is imprisoned or whose liberty is restrained pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or her or to correct the sentence then being served upon the ground that the confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts.
>
> (b) New Trial. The trial judge <u>upon motion in writing</u> may grant a

new trial at any time if it appears that justice may not have been done. Upon the motion the trial judge shall make such findings of fact as are necessary to resolve the defendant's allegations of error of law.

   (c) Post Conviction Procedure.

   (1) Service and Notice. The moving party shall serve the office of the prosecutor who represented the Commonwealth in the trial court with a copy of any <u>motion</u> filed under this rule.

   (2) Waiver. All grounds for relief claimed by a defendant under subdivisions (a) and (b) of this rule shall be raised by the defendant in the <u>original or amended motion</u>. Any grounds not so raised are waived unless the judge in the exercise of discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion.

   (3) Affidavits. Moving parties shall file and serve and parties opposing a motion may file and serve affidavits where appropriate in support of their respective positions. The judge may rule on the issue or issues presented by such motion on the basis of the facts alleged in the affidavits without further hearing if no substantial issue is raised by the motion or affidavits.

   (4) Discovery. Where affidavits filed by the moving party under subdivision (c)(3) establish a prima facie case for relief, the judge on motion of any party, after notice to the opposing party and an opportunity to be heard, may authorize such discovery as is deemed appropriate, subject to appropriate protective order.

   (5) Counsel. The judge in the exercise of discretion may assign or appoint counsel in accordance with the provisions of these rules to represent a defendant in the <u>preparation</u> and <u>presentation</u> of <u>motions</u> filed under subdivisions (a) and (b) of this rule. The court, after notice to the Commonwealth and an opportunity to be heard, may also exercise discretion to allow the defendant costs associated with the preparation and presentation of a motion under this rule.

In the circumstances, it cannot be fairly said that petitioner's motion for a new trial was "pending" within the meaning of 28 U.S.C. ß 2241(d)(1) at the time (November 20, 2002) when petitioner filed a motion for funds under Rule 30(c)(5), Mass.R.Crim.P.,

To determine whether a motion or other matter is "pending" within the meaning of Section 2241(d)(1), a federal habeas court must look to the law of the state where post-conviction relief was sought. *See e.g.*, *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002)("This circuit, like most, holds that "a properly filed application is one submitted according to the state's procedural requirements...." *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.1999) (quoting *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir.1998)); *Berry v. Ault*, 312 F.3d 948, 950 (8th Cir. 2003)("A properly filed application is one that meets all the state's procedural requirements. *Lookingbill v. Cockrell*, 293 F.3d 256, 260-61 (5th Cir.2002). Courts interpret the words 'properly filed' narrowly."); *Currie v. Matesanz*, 281 F.3d 261, 267 (1st Cir. 2002)("This case, therefore, falls within the rule that an application for post-conviction relief is pending from the time it first is filed with the state trial court, until the final disposition of a timely appeal or request for allowance of appeal."). Here, given the plain language of Rule 30, Mass.R.Crim. P., and the language set forth in petitioner's motion for funds before that court, it would do an injustice to say that petitioner's motion for a new trial was pending anytime before he actually filed his motion for a new trial on January 2, 2003. In his very application to the Massachusetts trial court for funds filed on November 20, 2003, petitioner, by and through counsel, said, in pertinent part (Consolidated Memorandum (# 11), Tab C):

> 3. The defendant states that these funds are necessary to <u>ascertain if</u> the evidence presented at his trial was, in fact, adequate and <u>if the defendant has a basis for a new trial based on newly discovered evidence or ineffective assistance of counsel</u>.

From this, and from the obvious construction of Rule 30, Mass.R.Crim.P., it simply blinks reality to conclude that petitioner's motion for a new trial was "pending"

any time before January 2, 2003, the date on which petitioner actually filed his motion for a new trial.

4.   Concluding Date for Tolling

Petitioner also challenges the back side of respondent's date calculations. He says, relying on what he views as controlling Massachusetts law, that the decision denying his application for further appellate review by the Supreme Judicial Court was not final on the date that that court entered the order denying that application (November 20, 2003), but rather on the date (November 24, 2002) on which that order was transmitted to and <u>received</u> by the trial court.[10] But even if petitioner is right on the law, he gains nothing, in this court's view. And that is because, at the time petitioner filed his motion for a new trial (January 3, 2003), he had but one day left on the habeas limitations clock.  If, as petitioner says, the judgment of the Massachusetts Supreme Judicial Court did not become final until November 24, 2003, then his remaining one day left on the habeas limitations clock concluded on November 25, 2003, still leaving petitioner late by one day.

More importantly, however, petitioner's entire argument on this score is based on an incorrect assessment of Massachusetts law and the application of controlling Massachusetts law. For one thing, even assuming that, as he says (Consolidated Memorandum (# 111), p. 38, that the decision was not final until it was transmitted to the trial court, petitioner has made no showing that that rescript was "transmitted" by the Massachusetts Supreme Judicial Court to the trial court on a date other than

---

[10]   The docket submitted by petitioner (Consolidated Memorandum (# 11), Tab H) indicates that the rescript of the Massachusetts Supreme Judicial Court was received on November 24, 2003.

November 20, 2003. That, after all, is apparent from very docket (Tab H) submitted by the petitioner, reflecting a docketing date of November 20, 2003. To be sure, those docket entries appear to indicate that the rescript was actually <u>received</u> by the trial court on November 24, 2003, but nothing in Massachusetts law *vis a vis* finality is based on the date of <u>receipt</u>.[11]

Moreover, petitioner is simply wrong on the law. He refers to *Commonwealth v. Aboulaz*, 44 Mass.App.Ct. 144 (1998). There that court observed (*Id.* at 148):

> Massachusetts Rules of Appellate Procedure 23, as amended, 367 Mass. 921 (1975), states in relevant part:
>
> "The rescript of the court shall issue to the lower court twenty-eight days after the date of the rescript unless the time is shortened or enlarged by order. The timely filing of a petition for rehearing ... will stay the rescript until disposition of the petition ... unless otherwise ordered by the appellate court."
>
> Here, acting on the Commonwealth's motion, we stayed the issuance of a rescript until June 23, 1997, and ordered that any petition for rehearing be filed by that date. The timely filing of such a petition further stayed the issuance of a rescript pursuant to rule 23. Neither the distribution of an opinion of this court nor its publication seals the rights of the parties or is binding upon them until the rescript is issued to the trial court. Whether the written opinion of this court is styled, for procedural purposes, as a decision or even a rescript, as it is in rule 23, a binding "decision" does not come into existence as matter of law until the document embodying the order contained within that writing is transmitted to the lower court.
>
> It is clear, however, that Massachusetts Rules of Appellate Procedure 23 does

---

[11]   Common usage, and standard dictionaries, indicate that the word, ìtransmitî, means the <u>sending</u> of something to another - not the <u>receipt</u> of that which was sent.

Indeed, finality would have no certain meaning whatsoever in terms of uniformity if it depended upon when, indeed, if, the letter carrier carried out his or her appointed rounds in a timely manner.

not apply to this case. For one thing, that rule appears to apply, for the most part, to direct appeals - and, indeed, direct appeals to the Massachusetts Appeals Court. That rule provides in full:

> **Appellate Rule 23. Issuance of Rescript: Stay of Rescript**
>
> The clerk of the appellate court shall mail to all parties a copy of the rescript and the opinion, if one was written. The rescript of the court shall issue to the lower court twenty-eight days after the date of the rescript unless the time is shortened or enlarged by order. The timely filing of a petition for rehearing <u>or of an application for further appellate review</u> will stay the rescript until disposition of the petition or application unless otherwise ordered by the appellate court. If the petition or application is denied, the rescript shall issue forthwith unless the appellate court or a single justice orders otherwise. <u>If an application for further appellate review is granted the rescript of the Appeals Court shall not issue to the lower court</u>. (Emphasis added).

As a matter of statutory construction, given the reference to applications for further appellate review, it seems clear that that rule, and the interpretational gloss laid upon that rule in *Commonwealth v. Aboulaz*, *supra*, applies to appellate decisions of the Massachusetts Appeals Court or, at the very least, rescripts issuing on the basis of direct appeals to an appellate court. But, in this case, it is not even necessary to delve into the vagaries of statutory construction. For the long and short of the matter is that Rule 23, M.R.A.P., simply does not apply to applications for further appellate review filed in the Massachusetts Supreme Judicial Court. On those matters - *i.e.*, applications for further appellate review -the Massachusetts Supreme Judicial Court has already spoken loud and clear. In *Commonwealth v. Levin*, 390 Mass. 857, 460 N.E.2d 578 (1984), the Massachusetts Supreme Judicial Court was called upon to determine when a retrial in a criminal case must be held after the denial of an application for further

appellate review was denied by that Court. And, in response to that query, that Court held (*Id.*, 460 N.E.2d at 581):

> The one-year period did not begin to run until at least May 30, 1981, <u>the day after the date on which we denied the Commonwealth's application for further appellate review</u>.

Nothing could be clearer. Absent some sort of affirmative action on the part of the Massachusetts Supreme Judicial Court (*e.g.*, an order staying the issuance of a rescript, etc.), the decision of the Massachusetts Supreme Judicial Court in denying an application for further appellate review is final one day after the order of that Court - in this case, on November 21, 2004.

Accordingly, petitioner can find no safe harbor in the tolling provisions of Section 2241(d), and the petition was clearly filed out of time.

5. <u>Equitable Tolling</u>

As a last resort, petitioner says that he is entitled to equitable tolling because the trial court initially denied his application for funds under Rule 30(c)(5), Mass.R. Crim. P., *see* pp. 7-8, *supra*, and because he pursued his post-conviction remedies with reasonable diligence.

As we have recently said *vis a vis* the question of equitable tolling in a habeas context, collecting the law of this Circuit and other circuits: In this court's view, petitioner is not entitled to relief from that time limitations set forth in Section 2241(d)(1) on a notion of "equitable" tolling.

For one thing, it is not clear that the doctrine of "equitable tolling" should be applied to toll Section 2241(d)(1)'s one year statute of limitations. Although some

courts have concluded that equitable tolling may be available *vis a vis* that one year statute of limitations, *e.g.*, *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998)); *accord, e.g.*, *Dunlap v. United States*, 250 F.3d 1001, 1006-07 (6th Cir.2001); *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir.2001) (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000)); *United States v. Prescott*, 221 F.3d 686, 687-88; *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000) (citing *Taliani v. Chrans*, 189 F.3d 597 (7th Cir.1999)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir.1999); *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 617-19 & n. 1 (3d Cir.1998), another court, pointing to the fact that Congress, in enacting the AEDPA, already struck the balance on the matter of tolling,[12] says that equitable tolling is not available. *United States v. Pollard*, 161 F.Supp.2d 1, 12 (D.D.C.2001). Our Circuit has deferred any attempt at resolving the dispute, *see e.g.*, *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F.3d 69, 75 (1st Cir. 2002); *Donovan v. Maine*, 276 F.3d 87, 91 (1st Cir.2002) ; *Trenkler v. United States*, 268 F.3d 16, 24-25 (1st Cir. 2001); *Delaney v. Matesanz*, 264 F.3d 7, 13-14 (1st Cir. 2001).

For another, to the extent that the doctrine of equitable tolling may apply to the Section 2241(d)(1) limitation period, the equities in this case do not favor tolling. To the extent that the doctrine applies at all, our Circuit has delineated the contours of the doctrine as follows (*Trenkler v. United States*, 268 F.3d 16, 25 (1st Cir. 2001)):

---

[12]  For example, in Section 2241(d)(2), Congress provided for tolling during the pendency of state court post-conviction proceedings. If Congress intended to provide additional bases for tolling, it surely could have done so, and its narrow and specific grant of a basis of tolling in Section 2241(d)(2), and no others, speaks tomes of Congressional intent.

In other contexts, we have held that the doctrine of equitable tolling is available only in rare cases where, for example, "extraordinary circumstances beyond the claimant's control prevented timely filing, or the claimant was materially misled into missing the deadline." *Fradella v. Petricca*, 183 F.3d 17, 21 (1st Cir.1999); accord *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 279 (1st Cir.1999); *Torres v. Superintendent of Police of Puerto Rico*, 893 F.2d 404, 407-08 (1st Cir.1990). Equitable tolling is not warranted where the claimant simply "failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); see also *Wilson v. United States*, 23 F.3d 559, 562 (1st Cir.1994) ("We see no basis for extending the exceptional doctrine of equitable tolling to a party who, by all accounts, merely failed to exercise his rights."). "In a nutshell, equitable tolling is reserved for exceptional cases...." *Chico-Velez v. Roche Prods., Inc.*, 139 F.3d 56, 59 (1st Cir.1998).[13]

In this case, petitioner has fallen far short of establishing that rare case for equitable tolling. He has not suggested, much less shown, that extraordinary circumstances beyond his control precluded him from pursuing post-conviction relief earlier, nor has he suggested or shown that he was ìmaterially misled into missing the deadlineî by anyone. He did not, contrary to his suggestion, pursue his post-conviction remedies with reasonable diligence. His conviction was affirmed on direct appeal to the Massachusetts Supreme Judicial Court on October 5, 2001. Yet he waited for more

---

[13] This is not a case where the petitioner was acting *pro se*. Insofar as this court can discern, petitioner was represented by current counsel well before he first filed an application for funds as a precursor to filing a motion for a new trial. Moreover, even if he was not so represented, the *pro se* status of a prisoner does not change the result. As the Court in *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) observed:

> The petitioner makes a final plea. He says that because he was a pro se prisoner, ignorant of the applicable law, the lower court should have tolled the limitation period. We reject this plea. In the context of habeas claims, courts have been loath to excuse late filings simply because a pro se prisoner misreads the law. *E.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, --- U.S. ----, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (refusing to toll the AEDPA's limitation period because a pro se petitioner did not understand the dictates of the statutory scheme); *Jones v. Morton*, 195 F.3d 153, 159-60 (3d Cir.1999) (explaining that misunderstanding the effect of filing a prior unexhausted federal habeas petition does not warrant equitable tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

than a year - with but one day left on the habeas limitations clock - to file a motion for a new trial.[14]  Petitioner has simply failed to make out a case for equitable tolling.

IV.     Conclusion

For the reasons set forth above, this court recommends[15] that the district judge to whom this case is assigned summarily dismiss the petition for a writ of habeas corpus on the ground that the petition is time-barred under the provisions of 28 U.S.C. 2241(d)(1).

_____
UNITED STATES MAGISTRATE JUDGE

---

[14]     Petitioner says that he was stymied in his pursuit of filing a motion for a new trial because an Associate Justice of the Massachusetts Superior Court originally denied his application for funds under Rule 30(c)(5), Mass.R.Crim.P.  For one thing, however, it is not clear that the trial judge - in denying the motion originally - erred at all, since Rule 30(c)(5) does not provide any right to funds at all - much less funds in advance of filing a motion for a new trial.  For another, petitioner has not given any reason whatsoever why he waited for more than a year after his conviction was affirmed on direct appeal to first file that application for funds.  And yet for another, it appears that petitioner had all that he needed, see Tab G to the Consolidated Memorandum (# 11) on Friday, December 27, 2002, and yet, despite the fact that he has but one day left on the federal habeas limitations clock, chose to wait yet another week, to the following Friday, before filing the motion for a new trial.

[15]     The parties are hereby advised that under the provisions of Rule 72(b) of the Federal Rules of Civil Procedure and Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file specific and written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).