UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER GROOME,)
    Petitioner)
v.)      Civil Action No: 03-12397-PBS
)
)
TIMOTHY HALL,)
    Respondent.)
)

## THE PETITIONER'S OBJECTIONS TO THE MAGISTRATE'S REPORT AND RECOMMENDATION

### INTRODUCTION

The petitioner, Peter Groome ("Groome"), objects to Magistrate Judge Cohen's Report and Recommendation that the application for habeas corpus relief is time barred pursuant to Fed. R. Civ. P. 72 (b) and Habeas Corpus Rule 8(b)(3). Pursuant to Fed. 72(b), Groome is entitled to de novo review in this Court of the Magistrate Judge's Findings and Rulings of law.

### SUMMARY of RELEVANT LAW

The Anti-Terrorism & Effective Death Penalty Act provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. §2244 (d)(1)(A).

Besides providing for a one year statute of limitations, a petition for habeas corpus will not be granted unless " the applicant has exhausted the remedies available in the courts of the State." See 28 U.S.C. 2254 (b)(1)(A). A petitioner seeking habeas corpus relief must also pursue discretionary review of his claims in the state court in order to meet the exhaustion requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

The time limitations period for filing a petition for habeas corpus review is tolled for the period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." See 28 U.S.C. § 2244(d)(1)(A)(2). A properly filed application for post-conviction relief or other collateral review tolls the limitations period from the date it is filed until a final decision is rendered on the application.

## SUMMARY of MAGISTRATE'S FINDINGS & RECOMMENDATIONS

The Magistrate Judge recommends that this Court grant the respondent's motion to dismiss because Groome's application for habeas corpus relief was not timely filed. See Magistrate's Report and Recommendation on Petition for a Writ of Habeas Corpus, March 12, 2004 at p. 1, 16, hereinafter "Magistrate's Report." The Magistrate Judge finds that Groome's motion for funds under Mass. R. Crim. P. 30 (c)(5) did not toll the statute of limitations period as Groome's motion for new trial was not "pending" at the time the motion for funds was filed. See Magistrate's Report at p. 7-10. The Magistrate Judge finds that equitable tolling may not be applicable to the statute of limitations under 28 U.S.C. § 2244(d)(1)(A)(2), and, even assuming the availability of the doctrine, the Magistrate Judge finds that Groome's situation does warrant

equity. See Magistrate's Report at p. 13-15. The Magistrate Judge finds that Groome had only one day left on the habeas corpus statute of limitations when he filed his motion for a new trial. See Magistrate's Report at p. 10,15,16 fn.14. The Magistrate Judge finds that the statute of limitations began to run before the Supreme Judicial Court's order was received by the trial court on November 24, 2003. See Magistrate's Report at p. 10-13. Groome also objects to the Magistrate Judge's order allowing the respondent's motion to stay the briefing as the time had not expired for Groome to file his opposition. Groome objects to the Magistrate Judge's findings and recommendation as discussed below.

## ARGUMENT

### I.  Groome Objects to the Magistrate's Findings and Recommendation that the Respondent's Motion to Dismiss Be Allowed

#### A.  Groome Objects to the Magistrate's Finding and Recommendation that the Statue of Limitations Was Not Tolled by Groome's Motion for Funds to Present His New Trial Motion

The critical error in the Magistrate Judge's Report and Recommendation ("Magistrate's Report") is its holding that the limitations period was not tolled until January 2, 2003. The tolling began on November 20, 2002 when Groome filed a motion for funds with the Massachusetts Superior Court pursuant to Mass. R. Crim. Pro. 30 (c)(5). The Rule 30 motion, which was originally denied by the state court judge, but allowed sixteen days later when Groome filed a motion for reconsideration, sought funds to retain a forensic psychiatrist to evaluate the sufficiency of Groome's defense at trial that he was denied the effective assistance of counsel. The Magistrate Judge's report focused on whether the motion for new trial was "pending" on November 20, 2002. With all due respect, the analysis asks the wrong question.

3

The question is whether the motion for funds pursuant to Mass. R. Crim. P. 30(c)(5) was an application for state post conviction review. The habeas corpus statute provides that "the time during which a properly filed application for State post conviction or other collateral review is pending shall not be counted towards any period of limitation under this subsection." See 28 U.S.C. 2244 (d)(2). The motion for funds brought pursuant to Mass. R. Crim. P. 30 (c)(5), was an application for post conviction review given the required showing Groome had to make to obtain the funds. The Rule 30 motion filed on November 20, 2002 was supported by an affidavit of counsel. The affidavit described in detail the factual and legal bases for a motion for new trial. The affidavit articulated that Groome's trial counsel had been ineffective because he had failed to present a defense based on his mental illness. As described more fully, below, this initial showing is an integral part of the Rule 30 procedure in Massachusetts. See Petitioner's Consolidated Memorandum In Support of His Application for a Writ of Habeas Corpus and Opposition to Respondent's Motion to Dismiss at p. 37.

The question whether the Mass. R. Crim. P. 30 motion for funds is an application for post conviction review raises a question of Massachusetts law. See Carey v. Saffold, 536 U.S. 214, 223 (2002). Whether a motion presents the merits of the applicant's claim before the court is critical for tolling purposes. Cf. Woodford v. Garceau, 538 U.S. 202 (2003) (in the context of federal habeas claim, the Court held that a motion to appoint counsel did not toll the statute of limitations because it was not a motion on the merits of the applicant's claim). The "application" for post conviction or other collateral relief must set out the grounds upon which it is based and it must state the relief desired. Voravongsa v. Wall, 349 F.3d 1, 6 (1st Cir. 2003) (construing Rhode Island post conviction statue that motion for appointment of counsel is not an application for

post conviction review).

Under Massachusetts law, Groome's motion for funds is an application for post conviction review. See Commonwealth v. Evans, 439 Mass. 184 (2003) ("defendants filed motions for new trial and motions for funds for an investigator as to claims raised in their motion for new trial. A Superior Court judge [] denied both post conviction motions without an evidentiary hearing. . . On appeal the defendants claim error . . . in the denial of their motions. . . for post conviction funds.") Mass. R. Crim. P. 30(c)(5) requires a showing by the applicant that there is a basis to award him funds. See Mass. R. Crim P. 30 attached hereto as Exhibit "A." The Reporter's Notes to the rule indicate that in assessing a new trial applicant's motion for costs, the applicant must show that the costs are "reasonably necessary to develop support for a well founded basis for granting a new trial" and "the judge should take into account the likelihood that the expenditure will result in the defendant's being able to present a meritorious ground for a new trial." In 2001, Rule 30 was amended to allow for funds for new trial motions, to address the problem that an indigent defendant could not obtain funds unless he filed a motion for a new trial and he could not present a motion for new trial absent funds. See Supreme Judicial Court's Standing Advisory Committee on the Rules of Criminal Procedure at p. 1; Commonwealth v. Davis, 410 Mass. 680, 684 (1991). Thus, when a state court judge decides whether to award funds, she must decide whether the defendant has presented "a well founded basis for granting a new trial." Making this initial showing is the first step for indigent defendants in collaterally attacking their conviction via a motion for a new trial. Commonwealth v. Evans, 439 Mass. 184, 205 (2003) (motion for funds to conduct discovery not permitted unless defendant makes a prima facie showing that test results would warrant a

5

new trial).

Groome's motion for funds for his new trial motion was an application for post conviction review because, as the Reporter's Notes indicate, Groome had to make an initial showing to the trial judge in order to obtain the funds. Groome's motion presented the merits of his claim before the Court. Groome's motion for funds contended that the expert testimony given at his trial was incorrect. Groome, through counsel, submitted information based a review of Groome's medical history and a pro bono review by a psychiatrist that the expert testimony given at his trial may have been incomplete. Additionally, Groome argued that more complete psychiatric expert testimony would have been a real factor in the jury's deliberations. See Petitioner's Motion for Funds at ¶ 4 attached hereto as Exhibit " B." Additionally, in counsel's affidavit, counsel states that it is his "good faith opinion that the expert testimony given at the defendant's trial . . . was incomplete and omitted important diagnostic considerations." See Affidavit of Joseph S. Berman at ¶ 4 attached hereto as Exhibit " C."  Further, counsel stated that the expert testimony given at Groome's trial by Dr. Brown was incorrect because he diagnosed Groome with Intermittent Explosive Personality Disorder, and that Dr. Brown "incorrectly discounted the significance of certain facts about the defendant's history, such as his substance abuse and history of sexual abuse, and Dr. Brown failed to draw appropriate conclusions from those facts and the symptoms presented by Mr. Groome." See Exhibit "C" at ¶ 5-6.

In light of the procedure under Rule 30 to obtain funds and the arguments presented by counsel on November 20, 2002, it is clear that the statute was tolled beginning on that date. Any decision to the contrary would ignore the critical role of a defendants's right to obtain funds

6

under Mass. R. Crim. P. 30. If this were not the case, the time period for filing a habeas corpus petition could expire while the motion for funds is pending.

**B.  Groome Objects to the Magistrate's Finding that He Had One Day Left When He Filed His New Trial Motion**

The Magistrate Judge found that when Groome filed his motion for a new trial he had only one day remaining on the time limit to file a habeas corpus petition.[1] See Magistrate's Report at p. 10. The finding is incorrect. On direct appellate review, the Supreme Judicial Court issued its decision on October 5, 2001. Following this decision, Groome had ninety (90) days to file for a writ for certiorari with the United States Supreme Court. The ninety (90) days would have run from October 6, 2001 and concluded on January 5, 2002, plus one year would mean that the petitioner would have to file on January 5, 2003. See Fed.R.Civ. P. 6(a) Computation ("In computing any period of time prescribed or allowed by these rules... or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."); Donovan v. State of Maine, 276 F. 3d 87, 89 (1st Cir. 2002) ("one year of statute of limitations began to accrue on day after this grace period [ninety days to file certiorari] ended."). Thus, when Groome filed his motion for new trial on December 31, 2002, he had six (6) days left on the one year plus 90 day period.[2]

---

[1] As a general matter, a petition must be filed within one year of when the conviction is affirmed on direct review, in addition to the period (90 days) during which a petition for a writ of certiorari could be filed. 28 U.S.C. § 2244 (d)(1). The period is tolled while a petitioner pursues a collateral attack on his conviction.

[2] Groome objects to the Magistrate Judge's finding that he filed his motion for new trial on January 3, 2002. See Magistrate's Report at p. 10. Groome filed his motion for new trial on December 31, 2002.

7

### C. Groome Objects to The Magistrate's Report and Finding that The Statute of Limitations Began Running on the Date the Supreme Judicial's Court Issued Its Order as Opposed to the Date the Rescript was Received by the Trial Court on November 24, 2002

Groome further objects to the Magistrate's Report that the Supreme Judicial Court's order became effective as a matter of Massachusetts law before the "rescript" was received by the trial court on November 24, 2003.[3] The Supreme Judicial Court's order did not become final until that order "rescript" was received by the trial court. A decision does not become effective until the court's order is transmitted and received by the trial court. Commonwealth v. Aboulaz, 44 Mass. App. Ct. 144, 148 (1998). In criminal cases, a "rescript" does not require the clerk to prepare a separate judgment, but rather enter the order on the docket. See Reporter's Notes -1979 to Mass. R. App. P. 28.

In his decision, the Magistrate Judge erroneously relied on law construing Mass. R. App. P. 23, which deals with when the appeals court must issue a rescript to the trial court in the ordinary course. The rule is irrelevant to determining the effective date of a Supreme Judicial Court decision. Since the denial of the gatekeepers petition as effective on November 24, 2003, and because Groome filed his petition for habeas corpus on November 26, 2003, the petition was timely filed.

---

[3]Pursuant to Mass.G.L. c. 278 § 33E, the Supreme Judicial Court denied Groome's appeal of the denial of his Rule 30 motion for new trial (the so-called "gatekeeper petition") on November 20, 2003. However, the "rescript"/ order was not entered on the docket in the Superior Court until November 24, 2003. See Docket Sheet attached hereto as Exhibit "D."

8

### D.  Groome Objects to the Magistrate's Finding and Recommendation that the Facts Do Not Call For Equitable Tolling

Groome objects to the Magistrate Judge's finding and recommendation that the facts presented by Groome do not merit application of equitable tolling. See Magistrate's Report at p. 13. Specifically, Groome objects to the Magistrate Judge's findings and recommendations that "it is not clear that the doctrine of 'equitable tolling' should be applied to toll Section 2241 (d)(1)'s one year statute of limitations" and that the "equities in this case do not favor tolling." See Magistrate's Report at p. 13-14.

The doctrine of equitable tolling is applicable to the statute of limitations in 28 U.S.C. § 2241 (d)(1). In Duncan v. Walker, 533 U.S. 167, 183 (2001)(Stevens, J.), the United States Supreme Court recognized the availability of the doctrine of equitable tolling of the one year statute of limitations. While the First Circuit Court of Appeals has not passed on the question, many other circuit courts have found the doctrine applicable. See United States v. Patterson, 211 F. 3d 927, 930 (5th Cir. 2000); Dunlap v. United States, 250 F.3d 1001, 1006-1007 (6th Cir. 2001); Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); and Miller v. New Jersey State Dept. of Corrections, 145 F. 3d 616, 617-619 (3d Cir. 1998).

In this case, equitable tolling applies because Groome had to wait unnecessarily, sixteen days, before receiving funds to hire a forensic psychiatrist. The state trial court judge denied Groome's motion for funds based on an old and superceded version of Mass.R.Crim.Pro. 30. The trial court denied the motion because it was "premature at this time." See Court's decision denying funds attached hereto Exhibit "E." The trial judge apparently believed that a defendant was not entitled to funds until he clearly established that his motion for new trial would be

9

granted. See Commonwealth v. Davis, 410 Mass. 680 (1991). Under amendments to the Rule 30 effective as of 2001, funds must be awarded where the defendant shows a "likelihood that the expenditure will result in the defendant's being able to present a meritorious ground for new trial." See Reporter's Notes to Rule 30. Clearly, under the amended Rule 30, Groome's motion for funds was not premature. The judge's ruling was in error. See Owens v. United States, 236 F. Supp. 2d 122, 128-129 (D. Mass. 2002) (equitable tolling granted to applicant where he relied on the court's order that was in was error); Wojcik v. Spencer, 198 F. Supp. 1, 2 (D. Mass. 2002) (equitable tolling granted where the court's decision to dismiss a mixed petition was delayed).

Equitable tolling is permitted where the circumstances that prevented the applicant from timely filing was out of his control. Groome could not control the trial court and the handling of its docket. See e.g., Wojcik v. Spencer, 198 F. Supp. 1, 2 (D. Mass. 2002). The fact that Groome's first motion for funds for a new trial was pending before the trial court from November 20, 2002 until December 3, 2002 was completely out of the defendant's control. Groome could do nothing, but wait. When the court did act by denying his motion under the incorrect standard, Groome did act with all reasonable diligence. The court denied Groome's motion for funds on December 3, 2003, and Groome filed his motion for reconsideration the following day on December 4, 2003. See Groome's motion for reconsideration and court's allowance attached hereto Exhibit "E." The motion was allowed on December 6, 2003. After Groome received the approval of the funds, counsel contacted several forensic psychiatrists, chose one and forwarded the relevant trial testimony and medical records to the retained psychiatrist, Dr. Peter Cohen, for his review. After conducting his review of the records, Dr.

10

Cohen interviewed Groome on December 15, 2003. Dr. Cohen submitted his report and conclusions on December 27, 2002. Groome's counsel read Dr. Cohen's report, discussed his findings with him, and incorporated the report into the motion for new trial, which was served on counsel on December 31, 2001, and was filed by overnight mail with the trial court the same day.

Equitable tolling is critical to providing indigent prisoners access to the writ of habeas corpus. The equal protection and due process clauses of the United States Constitution require that if the state provides an appellate process, the process must be accessible to both indigent and affluent defendants alike. See e.g. Johnson v. Avery, 393 U.S. 483 (1969); Griffin v. Illinois, 351 U.S. 12 (1956). Similarly, an indigent defendant's access to the writ of habeas corpus cannot be curtailed. "Since the basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom, it is fundamental that access of prisoners to the courts for the purpose of presenting their complaints may not be denied or obstructed." Johnson v. Avery, 393 U.S. 483, 485 (1969). Fundamental fairness and equal access to the courts require that the time a defendant is seeking funds to challenge a conviction collaterally must be tolled. To hold otherwise is to deny the indigent petitioner equal protection of the laws and access to the writ.

II. **Groome Objects to The Magistrate's Order of March 10, 2004 Granting the Respondent's Motion to Stay the Briefing on the Merits As the Time for Groome to File His Opposition Had Not Expired.**

Groome objects to the Magistrate Judge's allowance of the respondent's Motion to Stay the Briefing as the time for the petitioner to file his opposition had not expired. The respondent's Motion to Stay Briefing on Merits until Resolution of Pending Motion was served on the petitioner on March 4, 2004. According to Local Rule 7.1, the petitioner had fourteen

11

(14) days to serve his opposition to the Respondent's motion. The Magistrate Judge's decision on the respondent's motion on March 10, 2004 violated the rules concerning motion practice and should be overturned.

The petitioner incorporates herein his objections to the motion to stay the briefing on the merits as Groome states that the briefing on the merits should be stayed in this action as Groome's application presents several important constitutional issues that the Court should review and address. The Magistrate Judge's order staying the briefing of the merits is void.

## CONCLUSION

For the above reasons, Groome objects to the Magistrate's report and recommendation, and requests that this Court find Groome's application for habeas corpus relief is not time barred.

Respectfully submitted,
PETER GROOME
By his attorneys,

Joseph S. Berman, BBO No. 566006
Elizabeth L. Bostwick, BBO No. 644498
Berman & Dowell
220 Commercial St.
Boston, MA 02109
617-723-9911

12

## CERTIFICATE OF SERVICE

I, Joseph S. Berman, Esq., hereby certify that on this 29th day of March, 2004 I served a copy of the foregoing by overnight delivery to: Maura D. McLaughlin, Assistant Attorney General, Criminal Bureau, One Ashburton Place, Boston, MA 02108.

Joseph S. Berman