UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER GROOME,  )
        Petitioner  )
v.  )      Civil Action No: 03-12397-PBS
  )
  )
TIMOTHY HALL,  )
        Respondent.  )
  )

**MOTION FOR ISSUANCE OF CERTIFICATE OF APPEALABILITY**

Pursuant to First Circuit Rule 22.1(b) and 28 U.S.C. § 2253 and the Order of the First Circuit Court of Appeals dated April 30, 2004, the petitioner, Peter Groome, respectfully moves this Court for issuance of Certificate of Appealability of the district court's order dated April 2, 2004, dismissing the petition. A Notice of Appeal was previously filed on April 9, 2004.

As grounds for this motion, the petitioner states that the district court dismissed the petition on the grounds that the petition appeared untimely. However, the petitioner respectfully submits that the decision was in error for several reasons. First, based on a straightforward calculation of time, the petition was timely filed, taking into account the one year limitations period for filing habeas corpus petitions under 28 U.S.C. § 2244 and the ninety (90) day period by which a petitioner could file a petition for a writ of <u>certiorari</u> with the United States Supreme Court.[1] The time period for the filing of a habeas corpus petition was tolled until November 26,

---

[1] The defendant's conviction on charges of first degree murder was affirmed on direct appeal on October 5, 2001. Thus, the deadline for him to file a petition for <u>certiorari</u> was January 5, 2002. On December 31, 2001, the petitioner filed (by sending via UPS overnight delivery) a motion for new trial pursuant to Mass.R.Crim.P. 30 in the Barnstable, Massachusetts Superior Court, in other words, six days before the one-year + 90 day period. The motion for new trial was denied, and the Massachusetts Supreme Judicial Court affirmed on November 20, 2003. On November 26, 2003, six days later, petitioner filed his petition for a writ of habeas corpus.

2003.

Second, the district court erred in rejecting the petitioner's argument that the limitations period actually was tolled beginning November 20, 2002, the date on which the petitioner filed his application for court funds to retain an expert witness, a psychiatrist. Under Massachusetts law, Groome's motion for funds is an application for post conviction review. See Commonwealth v. Evans, 439 Mass. 184 (2003), which should toll the limitations period.

Third, the district court erred in rejecting the petitioner's argument that the limitations period should be equitably tolled in light of the state trial court's incorrect denial of the initial motion for funds, and the time thereby made necessary to file a motion for reconsideration and to retain an expert once the motion was allowed. The doctrine of equitable tolling is applicable to the statute of limitations in 28 U.S.C. § 2241 (d)(1). In Duncan v. Walker, 533 U.S. 167, 183 (2001)(Stevens, J.), the United States Supreme Court recognized the availability of the doctrine of equitable tolling of the one year statute of limitations. While the First Circuit Court of Appeals has not passed on the question, many other circuit courts have found the doctrine applicable. See United States v. Patterson, 211 F. 3d 927, 930 (5th Cir. 2000); Dunlap v. United States, 250 F.3d 1001, 1006-1007 (6th Cir. 2001); Green v. United States, 260 F.3d 78, 82-83 (2d Cir. 2001);United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999); and Miller v. New Jersey State Dept. of Corrections, 145 F. 3d 616, 617-619 (3d Cir. 1998).

In this case, equitable tolling applies because Groome had to wait unnecessarily, sixteen days, before receiving funds to hire a forensic psychiatrist.

WHEREFORE, for all of the foregoing reasons and for the reasons set forth in his

Petition for Habeas Corpus relief and Memorandum in support thereof and his Objections to the Magistrate's Report and Recommendations, all which are incorporated herein by reference, the petitioner, Peter Groome, respectfully requests that the Court issue a Certificate of Appealability.

Respectfully submitted,
PETER GROOME
By his attorneys,

Joseph S. Berman, BBO No. 566006
Elizabeth L. Bostwick, BBO No. 644498
Berman & Dowell
220 Commercial St.
Boston, MA 02109
617-723-9911

CERTIFICATE OF SERVICE

I, Joseph S. Berman, Esq., hereby certify that on this 5th day of May, 2004 I served a copy of the foregoing by first class mail, postage prepaid, to: Maura D. McLaughlin, Assistant Attorney General, Criminal Bureau, One Ashburton Place, Boston, MA 02108.

Joseph S. Berman