# United States Court of Appeals
## For the First Circuit

---

No. 04-1528

# MANDATE

PETER A. GROOME,

Petitioner, Appellant,

v.

TIMOTHY HALL

Respondent, Appellee.

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

**JUDGMENT**
**Entered: July 22, 2005**

Petitioner, Peter Groome ("Groome"), appeals the district court's dismissal of his habeas petition as untimely. We have considered the parties' briefs and the record, and we affirm. The district court did not abuse its discretion in determining that the facts fail to warrant equitable tolling of the limitations period under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). See Neverson v. Farquharson, 366 F.3d 32, 42 (1st Cir. 2004).

"[E]quitable tolling is appropriate [in habeas cases] only when circumstances beyond the petitioner's control have prevented him from filing on time." Id. at 42 (citing Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001). It is not "available to rescue a litigant from his own lack of due diligence." Id. Here, no circumstances beyond Groome's control prevented him from filing a timely habeas petition.

According to Groome, the Superior Court's improper dismissal

of his motion for funds delayed the filing of his motion for a new trial for sixteen (16) days, which were out of his control. The court's handling of the motion for funds did not actually prevent Groome from filing a timely habeas petition. Cf. Neverson, 266 F.3d 32. Petitioner waited for over a year after his conviction was affirmed on appeal to take any steps toward seeking post-conviction relief. The SJC denied petitioner's direct appeal October 5, 2001. According to the record, the motion for funds, filed November 20, 2002, was the first step Groome took toward seeking post-conviction relief. Groome offers no explanation for his delay. Rather, he asserts that, once the Superior Court denied his state petition for a new trial, he acted in all due haste to file the instant habeas petition. His haste following the motion's denial cannot cure the unexplained delay in seeking post-conviction relief.

Affirmed. See Local R. 27(c).

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

_George Kretor_
Deputy Clerk

Date: 8/12/05

By the Court:

Richard Cushing Donovan, Clerk.

By: __MARGARET CARTER__
      Chief Deputy Clerk.

[cc: Joseph S. Berman, Esq., Elizabeth L. Bostwick, Esq.,
       Maura D. McLaughlin, Esq.]